IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 17-cv-00762-STV

ANDREA C. JOHNSTON,

       Plaintiff,

v.

COMPUTERSHARE, INCORPORATED, and
SPECIALIZED LOAN SERVICING, LLC

       Defendants.

---

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR EMPLOYMENT DISCRIMINATION

---

Defendants Computershare Inc. ("Computershare") and Specialized Loan Servicing, LLC ("SLS") (collectively, "Defendants") file this Answer and Affirmative Defenses to Plaintiff's Complaint for Employment Discrimination ("Complaint") (ECF No. 1).  Defendants answer as follows:

### I.      The Parties to this Complaint

A.     Defendants admit Andrea C. Johnston ("Plaintiff") is the Plaintiff in this action and admit, on information and belief, that the address, telephone number, and e-mail address listed are Plaintiff's.

B.     Defendants admit that the address and phone number listed in Paragraph B are accurate.

C.     Defendants admit that the Plaintiff was employed at the location indicated in

Paragraph C.

## II.  JURISDICTION AND VENUE

Jurisdiction is a legal conclusion which requires neither an admission nor a denial, but to the extent a response is required, Defendants admit that this Court has subject matter jurisdiction over this matter.

## III.  STATEMENT OF CLAIM

Defendants admit that Plaintiff purports to state a claim for failure to promote, unequal terms and conditions of employment and retaliation on the basis of gender during the timeframe specified but deny committing any illegal acts.

## INTRODUCTION

1.      Defendants admit that Plaintiff purports to state a claim for unequal pay and retaliation but deny the remaining allegations in Paragraph 1.

2.      Defendants state that the documents attached as Exhibits A, B, F, G, and K to the Complaint speak for themselves and deny the allegations contained in Paragraph  2 to the extent that they are inconsistent with those documents.  Defendants deny the remaining allegations in Paragraph 2.

## PARTIES

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation in Paragraph 3 of the Complaint, and they therefore deny same.

4.      Defendants admit Defendant Computershare Inc. is a corporation doing business in Colorado and deny that the corporation name is "Computershare Incorporated."

5.      Defendants admit the allegations in Paragraph 5.

6.      Defendants deny the allegations in Paragraph 6.

7.      Defendants admit the allegations in Paragraph 7.

8.      Defendants admit the allegations in Paragraph 8.

9.      Defendants admit the allegations in Paragraph 9.

## SPECIFIC ALLEGATIONS

10.     Defendants admit that Plaintiff began her employment with SLS on July 23, 2012 and deny the remaining allegations in Paragraph 10.

11.     Defendants deny the allegations in Paragraph 11.

12.     Defendants admit Plaintiff's employment with Computershare ended on September 9, 2016 and deny the remaining allegations in Paragraph 12.

13.      Defendants admit the allegations in Paragraph 13.

14.     Defendants admit that more than 1,000 employees worked at the location identified in Paragraph 14.  Defendants deny the remaining allegations in Paragraph 14.

15.     Defendants deny the allegations in Paragraph 15.

16.     Defendants admit Paragraph 16 describes some of the work of SLS, a subsidiary of Computershare, and deny the remaining allegations in Paragraph 16.

17.     Defendants admit that Plaintiff was employed by SLS as a Customer Support Associate III from July 23, 2012 to July 31, 2013.  Defendants also admit that Plaintiff was employed by SLS as a Dispute Associate II from July 2013 to August 2013.  Defendants deny the remaining allegations in Paragraph 17.

18.     Defendants admit that Plaintiff represented her experience to be what is indicated in Paragraph 18.  However, Defendants lack knowledge or information sufficient to form a belief as to the truth of remaining allegations in Paragraph 18 and therefore deny same.

19.     Defendants admit that Plaintiff represented her qualifications to be what is indicated in Paragraph 19.  However, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore deny same.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore deny same.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore deny same.

22.     Defendants admit that on August 1, 2013, Plaintiff transferred to the Default Administration Analyst role. Defendants deny the remaining allegations in Paragraph 22.

23.     Defendants admit the allegations in Paragraph 23.

24.     Defendants admit that Aaron Kehn supervised and developed the team responsible for administering Quandis and deny the remaining allegations in Paragraph 24.

25.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 and therefore deny same.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore deny same.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore deny same.

28.     Defendants admit that the Quandis Team provided development, configuration, and technical support for a software application called Quandis.  Defendants deny the remaining allegations in Paragraph 28.

29.     Defendants admit that Quandis is a third party software application that serves as a workflow platform for various departments across SLS.  Defendants deny the remaining allegations in Paragraph 29.

30.     Defendants admit, on information and belief, the allegations in Paragraph 30.

31.     Defendants admit the allegations in Paragraph 31.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore deny same.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants admit the allegations in Paragraph 34.

35.     Defendants admit that if the Quandis application was not functioning properly, the company was at risk of breaching state and federal compliance, which could cause serious audit risks and related losses, and admit, on information and belief, that Plaintiff understood this.

36.     Defendants admit that Plaintiff, as well as all members of the Quandis Team, wrote "how to" procedures.  Defendants deny the remaining allegations in Paragraph 36.

37.     Defendants admit that Plaintiff worked with business partners and vendors to troubleshoot Quandis workflows and features on a regular basis and deny the remaining allegations in Paragraph 37.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore deny same.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore deny same.

40.     Defendants admit Plaintiff was assigned to one or more special projects while performing her role in Quandis technical support and lack information sufficient to confirm or deny the remaining allegations in Paragraph 40 and therefore deny same.

41.     Defendants admit that Plaintiff was involved in CFPB letter revisions. Defendants lack information sufficient to confirm or deny whether Plaintiff received appreciations from Business Controls Group and therefore deny same, and deny the remaining allegations in Paragraph 41.

42.     Defendants admit that Plaintiff was involved in USPS certified revisions. Defendants deny the remaining allegations in Paragraph 42.

43.     Defendants admit that Plaintiff was involved in USPS certified revisions. Defendants deny the remaining allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants deny allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants admit that Kyle Manley had the title of "Workflow Management Analyst" and that his salary was higher than Plaintiff's.   Defendants deny the remaining allegations in Paragraph 47.[1]

48.     The phrase "At that time" is vague and therefore, Defendants lack information sufficient to confirm or deny the allegations in Paragraph 48 of the Complaint.

---

[1] Defendants deny that Mr. Manley is a proper comparator and are not waiving that argument by responding to allegations where Plaintiff has referred to Mr. Manley as "Comparator."

49.     Defendants admit the allegations in Paragraph 49.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny same.

51.     Defendants admit that Plaintiff and Mr. Manley had the same supervisors from October 1, 2014 to August 10, 2016.  Defendants deny the remaining allegations in Paragraph 51.

52.     Defendants admit the allegations in Paragraph 52.

53.     Defendants admit Mr. Manley's qualifications included, but were not limited to, those listed in Paragraph 53 and admit the remaining allegations in Paragraph 53.

54.     Defendants admit the allegations in Paragraph 54.

55.     Defendants admit that when Mr. Manley joined the team, Plaintiff and others provided him training regarding Quandis.   Defendants deny the remaining allegations of Paragraph 55.

56.     Defendants admit Mr. Manley developed advanced software skills and deny the remaining allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.   Defendants also lack knowledge or information sufficient to form a belief as to source of Exhibit L or the truth of the allegations in Exhibit L and therefore deny same.

60.     Defendants admit the allegations in Paragraph 60.

61.     Defendants admit Plaintiff and Mr. Manley both had the ability to work remotely from home and did so on nights and weekend on occasion.

62.     Defendants admit the allegations in Paragraph 62.

63.     Defendants admit that all members of the Quandis team were expected to coordinate all work and vacation schedules to ensure coverage of their responsibilities. Defendants deny the remaining allegations of Paragraph 63.

64.     Defendants admit that Plaintiff was required to share her cubicle with another co-worker and lack knowledge or information sufficient to form a belief as to the duration of that sharing and therefore deny same. Defendants deny the remaining allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore deny same.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore deny same.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore deny same.

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore deny same.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore deny same.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore deny same.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore deny same.

74.     Defendants admit Plaintiff's salary was approximately $43,000, admit that Mr. Manley's salary was higher than Plaintiff's due to differences in job duties and responsibilities, deny that Plaintiff and Mr. Manley performed substantially equal work and lack knowledge or information sufficient to form a belief as to what Plaintiff learned and therefore deny same.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore deny same.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore deny same.

78.     Defendants lack knowledge or information sufficient to form a belief as to source of Exhibit M.   The document attached as Exhibit M speaks for itself and Defendants deny the allegations in Paragraph 78 to the extent that they are inconsistent with that document.

79.     Defendants admit the allegations in Paragraph 79.

80.     Defendants admit the allegations in Paragraph 80.

81.     Defendants deny the allegations in Paragraph 81.

82.     Defendants admit the allegations in Paragraph 82.

83.     Defendants admit the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

85.     Defendants admit that Mr. Marsh requested a change in title and increase in pay for Plaintiff which was denied by his management and deny the remaining allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny denying Plaintiff a promotion and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 and therefore deny same.

89.     Defendants deny the allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants admit that Plaintiff's job title was changed from an Analyst Default Administration to Workflow Management Admin as of November 2015.  Defendants deny the remaining allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants admit the allegations in Paragraph 95.

96.     Defendants deny demoting Plaintiff and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96 and therefore deny same.

97.     Defendants admit Plaintiff's job responsibilities remained at the same level before and after her title change and deny the remaining allegations in Paragraph 97.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants admit the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants admit that in November 2015, Plaintiff began using SQL to correct errors in Quandis. Defendants deny the remaining allegations in Paragraph 101.

102.    Defendants admit that Plaintiff's use of SQL scripts allowed her to do the things stated in Paragraph 102 but deny that Plaintiff created those scripts.

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore deny same.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants admit, on information and belief, the allegations in Paragraph 105.

106.    Defendants admit that their Position Statement was dated February 5, 2016. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106 and therefore deny same.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants deny the allegations in Paragraph 108.

109.    Defendants admit, on information and belief, that Plaintiff filed the Rebuttal attached as Exhibit D on March 2, 2016. Defendants state that the document attached as Exhibit D speaks for itself and deny the allegations contained in Paragraph 109 to the extent they are inconsistent with that document.

110.    Defendants admit that, because Plaintiff did not have any FMLA leave available, Computershare denied Plaintiff additional FMLA leave on or about April 20, 2016 and deny the remaining allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants admit that Plaintiff took a medical leave approved by Computershare from May 4, 2016 through June 15, 2016 and admit that Computershare could not guarantee that her job would be available following her leave of absence.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112 and therefore deny same.

113.    Defendants deny denying Plaintiff any FMLA protection to which she was entitled and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113 and therefore deny same.

114.    Defendants admit the allegations in Paragraph 114.

115.    Defendants deny the allegations in Paragraph 115.

116.    Defendants admit the allegations in Paragraph 116.

117.    Defendants deny the allegations in Paragraph 117.

118.    Defendants admit the allegations in Paragraph 118.

119.    Defendants deny the allegations in Paragraph 119.

120.    Defendants deny the allegations in Paragraph 120.

121.    Defendants admit Plaintiff separated from employment with Computershare on September 9, 2016.

## IV.  EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

**A.**     Defendants admit, upon information and belief, the allegations in Paragraph A.

**B.**     Defendants admit the EEOC issued a Notice of Right to Sue letter but lack knowledge or information sufficient to form a belief as to when Plaintiff received it and therefore deny same.

## V.  RELIEF

### STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF
**Sex-Based Wage Discrimination in violation of the Equal Pay Act of 1963, as amended, against Defendant SLS**

122.     Defendants reallege and incorporate herein their Answers to Paragraphs 1-121 of the Complaint as if set forth fully herein.

123.     Defendants deny the allegations in Paragraph 123.

124.     Defendants deny the allegations in Paragraph 124.

125.     Defendants admit Mr. Manley's salary was higher than Plaintiff's but deny the remaining allegations in Paragraph 125.

126.     Defendants deny the allegations in Paragraph 126.

127.     Defendants deny the allegations in Paragraph 127.

### SECOND CLAIM FOR RELIEF
**Sex Discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, against Defendant SLS**

128.     Defendants reallege and incorporate herein their Answers to Paragraphs 1-127 of the Complaint as if set forth fully herein.

129.    Defendants deny the allegations in Paragraph 129.

130.    Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

## THIRD CLAIM FOR RELIEF
**Retaliation in violation of the Equal Pay Act of 1963, as amended, against Defendant SLS**

132.    Defendants reallege and incorporate herein their Answers to Paragraphs 1-131 of the Complaint as if set forth fully herein

133.    Defendants deny the allegations in Paragraph 133.

134.    Defendants deny the allegations in Paragraph 134 and its sub-parts A-E.

135.    Defendants deny the allegations in Paragraph 135.

136.    Defendants deny the allegations in Paragraph 136.

137.    Defendants deny the allegations in Paragraph 137.

## FOURTH CLAIM FOR RELIEF
**Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, against Defendant SLS**

138.    Defendants reallege and incorporate herein their Answers to Paragraphs 1-137 of the Complaint as if set forth fully herein.

139.    Defendants deny the allegations in Paragraph 139.

140.    Defendants deny the allegations in Paragraph 140 and its sub-parts A through E.

141.    Defendants deny the allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142.

**FIFTH CLAIM FOR RELIEF**
**Sex-Based Wage Discrimination in violation of the Equal Pay Act of 1963, as amended,**
**against Defendant Computershare**

143.    Defendants reallege and incorporate herein their Answers to Paragraphs 1-142 of

the Complaint as if set forth fully herein.

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants deny the allegations in Paragraph 145.

146.    Defendants admit Mr. Manley's salary was higher than Plaintiffs but deny the

remaining allegations in Paragraph 146.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

**SIXTH CLAIM FOR RELIEF**
**Sex Discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended,**
**against Defendant Computershare**

149.    Defendants reallege and incorporate herein their Answers to Paragraphs 1-148 of

the Complaint as if set forth fully herein.

150.    Defendants deny the allegations in Paragraph 150.

151.    Defendants deny the allegations in Paragraph 151.

152.    Defendants deny the allegations in Paragraph 152.

**SEVENTH CLAIM FOR RELIEF**
**Retaliation in violation of the Equal Pay Act of 1963, as amended, against Defendant**
**Computershare**

153.    Defendants reallege and incorporate herein their Answers to Paragraphs 1-152 of

the Complaint as if set forth fully herein.

154.    Defendants deny the allegations in Paragraph 154.

155.     Defendants deny the allegations in Paragraph 155 and its sub-parts A-E.

156.     Defendants deny the allegations in Paragraph 156.

157.     Defendants deny the allegations in Paragraph 157.

158.     Defendants deny the allegations in Paragraph 158.

### EIGHTH CLAIM FOR RELIEF
**Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, against Defendant Computershare**

159.     Defendants reallege and incorporate herein their Answers to Paragraphs 1-158 of the Complaint as if set forth fully herein

160.     Defendants deny the allegations in Paragraph 160.

161.     Defendants deny the allegations in Paragraph 161 and its subparts A-E.

162.     Defendants deny the allegations in Paragraph 162.

163.     Defendants deny the allegations in Paragraph 163.

### PRAYER FOR RELIEF

To the extent that the paragraph beginning "WHEREFORE," and sub-paragraphs (A) through (G), contain allegations to which Defendants are required to respond, Defendants deny all such allegations and deny that Plaintiff is entitled to any relief whatsoever.

### JURY DEMAND

Defendants admit that Plaintiff requests a jury trial.

### AFFIRMATIVE DEFENSES

Defendants assert the following Affirmative Defenses without accepting any burden of proof on the matter, and in the alternative, if necessary:

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred to the extent they exceed the applicable statute of limitations period.

3.      Plaintiff has waived, or should be estopped from asserting, some or all of the claims asserted in the Complaint.

4.      Plaintiff failed to exhaust, or timely exhaust, her administrative remedies, and thus, the Court lacks subject matter jurisdiction over certain of Plaintiff's claims.

5.      Plaintiff's claims under Title VII of the Civil Rights Act of 1964 are barred to the extent that they rely on allegations that are beyond the scope of the administrative charge.

6.      Defendants never discriminated against Plaintiff in any term, condition or privilege of employment, based on any illegal criteria.

7.      All actions taken by Defendants with regard to Plaintiff were taken for good and just cause and legitimate, non-discriminatory business reasons.   At all relevant times herein, Defendants acted in good faith and never with negligence, willfulness or malice.

8.      Defendants exercised reasonable care to establish and maintain a reasonable written policy – disseminated to all employees – for the prevention and detection of unlawful discrimination, harassment and retaliation, including an internal complaint procedure for addressing alleged acts of discrimination, harassment and retaliation, and Plaintiff unreasonably failed to avail herself of these procedures.

9.      Plaintiff's recovery, if any, is barred because she failed to mitigate her damages.

10.     Defendants did not act maliciously or with reckless indifference to Plaintiff's rights.

11.     All actions taken by Defendants with respect to Plaintiff were lawful, proper, reasonable, and appropriate.

12.     Some or all of Plaintiff's claims are barred because (a) Defendants maintained, disseminated, and enforced a clear policy against discrimination, and retaliation, and (b) Defendants acted in accordance with this policy at all times.

13.     Plaintiff's Equal Pay Act claim fails to the extent Plaintiff cannot establish that she received lower wages than other similarly situated male employees for equal work.

14.     Plaintiff's claims are barred to the extent that any disparity in pay was due to unequal positions, or if equal positions, then the result of a seniority system, a merit system, a system that measures earnings by quantity or quality of production, or a differential based on any factor other than sex.

15.     Plaintiff's claims are barred in whole or in part because any disparity in pay between Plaintiff and any male employee(s) performing substantially similar work requiring equal skill, effort and/or responsibility was due to legitimate non-discriminatory factors other than sex.

16.     Plaintiff cannot establish a violation of the Equal Pay Act, and thus is not entitled to liquidated or punitive damages because Defendants acted in good faith and had reasonable grounds for believing that their actions did not violate the Equal Pay Act.

17.     Plaintiff's claims may be barred in whole or in part by the doctrines of unclean hands, waiver, estoppel, and/or laches.

18.     Any and all compensatory, punitive and liquidated damages are subject to any and all limitations provided under federal law.

19.     There can be no liability for acts, if any, by employees that were not properly authorized, and that those employees had no express or implied authority to engage in the acts that were inconsistent with any written rules prohibiting conduct constituting unlawful discrimination or retaliation.  Any alleged improper acts by certain individuals were beyond the course and scope of employment and Defendant is not responsible for those actions, if any.

20.     Plaintiff cannot recover actual damages under multiple or different theories and causes of action for same or similar alleged acts.

21.     Plaintiff's damages, if any, are limited by caps on damages and limits on remedies set forth in federal and Colorado state statutes (including, but not limited to the limitations on remedies available under CADA and the limitations on damages for non-economic loss or injury set forth in C.R.S. §§ 13-21-102.5 and 109.).

22.     Plaintiff's state law claims are lacking substantial justification, entitling Defendant to an award of attorneys' fees for defending this action under C.R.S. § 13-17-102 and any other applicable state statute.

23.     To the extent Plaintiff purports to bring a claim under C.R.S. § 8-5-101, *et. seq.*, the Colorado Wage Equality Regardless of Sex Act, such claim is barred because Plaintiff lacks standing to bring a private cause of action under that law.

Defendants give notice that they intend to rely upon further defenses of which they may become aware as this matter proceeds and Defendants reserve the right to amend their Answer to assert any such defense.

**WHEREFORE**, Defendants respectfully request the Court:

1. Enter judgment in Defendants' favor and against Plaintiff;

2.   Dismiss Plaintiff's Complaint with prejudice in its entirety;

3.   Award Defendants their reasonable costs and attorneys' fees; and

4.   Award Defendants such other and further relief as the Court deems just and equitable.


Dated: May 15, 2017                              Respectfully submitted,


                                                 *s/ Jennifer S. Harpole*
                                                 Jennifer S. Harpole
                                                 LITTLER MENDELSON, P.C.
                                                 1900 Sixteenth Street, Suite 800
                                                 Denver, CO 80202
                                                 Telephone: 303.629.6200
                                                 Fax:  30.629.0200
                                                 Email:  jharpole@littler.com

                                                 ATTORNEYS FOR DEFENDANTS
                                                 COMPUTERSHARE INC., AND
                                                 SPECIALIZED LOAN SERVICING, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2017, a true and correct copy of the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR EMPLOYMENT DISCRIMINATION** was filed via CM/ECF and served on the following via U.S. Mail, postage prepaid.  The duly signed original is on file at the office of Littler Mendelson, P.C.:

Andrea C. Johnston
6217 South Sterne Parkway
Littleton, CO 80120
PRO SE


                                                       _s/ Jennifer S. Harpole_____
                                                       Jennifer S. Harpole

Firmwide:147277522.5 078197.1006

21