IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 17-cv-00762-CMA-STV

ANDREA C. JOHNSTON,

    Plaintiff,

v.

COMPUTERSHARE, INCORPORATED, and
SPECIALIZED LOAN SERVICING, LLC

    Defendants.

---

## [~~PROPOSED~~] SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND
### APPEARANCES OF COUNSEL AND PRO SE PARTIES

A scheduling conference was held on June 6, 2017 at 10:00 a.m. Appearing for the parties were:

    a.    **Plaintiff:** Andrea C. Johnston, 6217 South Sterne Parkway, Littleton, CO 80120; (720) 447-2039.

    b.    **Defendants:** Jennifer S. Harpole, Littler Mendelson, P.C., 1900 16th Street, Suite 800, Denver, Colorado 80202; (303) 629-6200.

### 2. STATEMENT OF JURISDICTION

**Plaintiff:** This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, and specifically under the Equal Pay Act of 1963, as amended ("Equal Pay Act"), 29 U.S.C. §§ 206(d), 215(a)(3), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42

U.S.C. § 2000e et seq. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the employment practices and other conduct alleged to be unlawful were committed in the District of Colorado. At all relevant times, Defendant Computershare, Inc. and Defendant Specialized Loan Servicing, LLC, were covered by the definitions of "employer" set forth in 29 U.S.C. § 203(d) of the Fair Labor Standards Act, of which the Equal Pay Act is a part, and 42 U.S.C. § 2000e(b) of Title VII.

**Defendants:** To the extent Plaintiff purports to bring a claim under C.R.S. § 8-5-101, *et. seq.*, the Colorado Wage Equality Regardless of Sex Act, Defendants dispute this Court has jurisdiction over that claim because Plaintiff lacks standing to bring a private cause of action under that statute. Defendants do not contest jurisdiction over Plaintiff's remaining claims.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.  **Plaintiff:** Plaintiff Andrea C. Johnston claims that Defendants Computershare, Inc. and Specialized Loan Servicing, LLC subjected her to unequal pay based on her sex and then retaliated against her after she complained about this illegal treatment in violation of the Equal Pay Act and Title VII.

Plaintiff was employed by Defendant Specialized Loan Servicing, LLC from July 23, 2012 through October 31, 2015. Effective August 1, 2013, Plaintiff was promoted to position of "Default Administration Analyst". Her job was to perform customized technical support for a highly specialized software application named "Quandis". For the period from October 1, 2014 through October 31, 2015, the Plaintiff performed substantially the same work as her male colleague Kyle Manley ("Mr. Manley"). Although job titles and salaries of the Plaintiff and Mr. Manley did not match, the responsibilities and work performed by the Plaintiff and Mr. Manley

were essentially the same. Plaintiff was paid approximately $21,000.00 lower annual salary than Mr. Manley for substantially equivalent work. Plaintiff had been in the role of Quandis technical support for fourteen months prior to Mr. Manley joining the team on October 1, 2014. The Plaintiff trained Mr. Manley into his new role of Quandis technical support. The Plaintiff and Mr. Manley shared this role in Quandis technical support from October 2014 until August 2016. Plaintiff complained repeatedly to her Managers Aaron Kehn and William Marsh regarding the disparity in her salary and title. Plaintiff was denied equal pay by Defendant Specialized Loan Servicing, LLC. Plaintiff was then denied promotion and subjected to a hostile working environment, in retaliation for her discrimination complaints.

Effective November 1, 2015, the Plaintiff's team of approximately nine employees, was transferred from the Default Management group within Specialized Loan Servicing, LLC to the Computer Technology Services group within Computershare, Inc.

In October 2015, Plaintiff was informed by her Manager, William Marsh, that she would be promoted to the appropriate title of "Workflow Management Analyst" during the November transfer. In a reversal of decision, Plaintiff was not promoted. She was instead demoted, in retaliation, from her prior title of "Default Administration Analyst" to "Workflow Management Admin". Except for the Plaintiff, all members of her team had retained the same job titles in the transfer from Specialized Loan Servicing, LLC to Computershare, Inc. Responsibilities and work for Plaintiff and Mr. Manley remained equivalent after the transfer, even though their titles and salaries remained significantly disparate.

Plaintiff was employed by Defendant Computershare, Inc. from November 1, 2015 through September 9, 2016. Plaintiff was denied equal pay by Defendant Computershare, Inc.,

while receiving approximately $21,000.00 lower annual salary than Mr. Manley for substantially equivalent work. Plaintiff complained repeatedly to her Manager William Marsh regarding the disparity in her salary and title. Plaintiff was then subjected to a hostile working environment and demotion by Defendant Computershare, Inc., in retaliation for her discrimination complaints.

Plaintiff filed employment discrimination charges against the Defendants with the Equal Employment Opportunity Commission ("EEOC") in November 2015, and additional charges in November 2016 for retaliation. In response to EEOC charges, Defendants submitted false statements to the EEOC regarding the work and responsibilities of the Plaintiff.

Plaintiff incorporates by references the allegations and claims for relief submitted in the original Complaint and Exhibits [Dkt. #1].

    b.    **Defendants:** Defendants Computershare, Inc. and Specialized Loan Servicing, LLC ("Defendants") deny violating Title VII, the Equal Pay Act, or Colorado law with respect to Plaintiff's employment. Plaintiff was not similarly situated to the employee she identifies as her comparator, Mr. Manley. The difference between Plaintiff's and Mr. Manley's rate of pay was based on their different positions and responsibilities, not because of Plaintiff's sex. Defendants did not subject Plaintiff to a hostile work environment, and her allegations are insufficient as a matter of law to prove the same. Defendants did not retaliate against Plaintiff for filing an EEOC Charge. She was never demoted. Plaintiff never made an internal complaint during her employment that she believed she was being paid differently because of her sex. Plaintiff voluntarily resigned her employment with Computershare in September 2016; she was neither actually nor constructively discharged. Defendants incorporate by references their defenses raised in their Answer to Plaintiff's Complaint.

4

## 4. UNDISPUTED FACTS

1. Defendants Computershare, Inc. and Specialized Loan Servicing, LLC are indirectly wholly owned subsidiaries of Computershare, Limited, a publicly traded company on the Australian securities exchange.

2. Plaintiff's Notice of Dismissal for Charge No. 541-2016-00528 was issued by the EEOC on December 29, 2016.

## 5. COMPUTATION OF DAMAGES

a. **Plaintiff:** Plaintiff is seeking maximum damages allowed by law, including but not limited to lost wages, liquidated damages, compensatory and punitive damages. Plaintiff is also seeking attorney's fees and all legal costs associated with this action.

For the period of employment from October 1, 2014 through October 31, 2015, Plaintiff seeks estimated damages from Defendant Specialized Loan Servicing, LLC, as follows:

| | |
|---|---|
| Equal Pay Differential | $24,294.54 |
| Liquidated Damages | $23,028.00 |
| Compensatory & Punitive Damages (adjusted for caps) | $300,000.00 |
| Attorney's fees and legal costs | TBD |

For the period of employment from November 1, 2015 through September 9, 2016, Plaintiff seeks estimated damages from Defendant Computershare, Inc., as follows:

| | |
|---|---|
| Equal Pay Differential | $19,179.90 |
| Liquidated Damages | $18,180.00 |
| Compensatory & Punitive Damages (adjusted for caps) | $300,000.00 |
| Attorney's fees and legal costs | TBD |

b.  **Defendants:** Defendants are not seeking an award of damages but will seek their attorneys' fees and costs, to the extent allowed by law, in defending this action.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) Meeting: **May 16, 2017.**

b.  Names of each participant and party he/she represented: Plaintiff Andrea Johnston represented herself. Jennifer Harpole represented Defendants.

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made: **May 30, 2017.**

d.  Proposed changes, if any, in timing or requirement of disclosures under Federal Rule of Civil Procedure 26(a)(1): None.

e.  Statement concerning any agreements to conduct informal discovery: None.

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of unified exhibit numbering system: The parties have agreed to explore all reasonable methods to reduce litigation costs. The parties agree to a unified exhibit numbering system for depositions.

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: The parties anticipate that some pertinent documents and emails regarding Plaintiff's job responsibilities will be in electronic form. The parties agree to produce documents in PDF format. If any party believes a different format of production is necessary for a particular document or document(s), the parties agree to confer regarding the same.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: The parties certify that, as required by Federal Rule of Civil Procedure 26(f), they have and will continue to discuss possibilities for settling or resolving the case.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a.      Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the Federal Rules:  None.

b.      Limitations which any party wishes to propose on the length of depositions: Each deposition shall be limited to one day of seven hours.

c.      Limitations which any party proposes on number of requests for production of documents or requests for admissions: 25 requests for production and 25 requests for admission per side.

d.      Other Planning or Discovery Orders: The parties anticipate entering into a stipulated protective order regarding confidential information.

### 9. CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings: **July 21, 2107.**

b.      Discovery Cut-off: **December 6, 2017.**

c.      Dispositive Motion Deadline: **January 5, 2018.**

d.      Expert Witness Disclosure:

1. Anticipated Fields of Expert Testimony: Plaintiff does not currently anticipate using any expert witnesses but reserves the right to designate expert witnesses within the time provided. Defendant does not currently anticipate the need for expert testimony, other than a rebuttal expert.

2. Limitations which the parties propose on the use or number of expert witnesses. ~~Plaintiff: Three per side. Defendant: One per side.~~ Two

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **October 6, 2017**.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November 6, 2017**.

e. Identification of Persons to be Deposed:

| Name of Deponent | Expected length of Deposition |
| --- | --- |
| Plaintiff | 7 hours |
| William Marsh | 7 hours |
| Tonya LaBrie | 4 hours |
| Kyle Manley | 4 hours |
| Thomas Kayen | 4 hours |
| Darren Bronaugh | 4 hours |
| Virginia Roth | 4 hours |

The parties reserve the right to designate additional deponents.

  f. Deadline for Interrogatories: The parties propose that Interrogatories be served no later than 30 days before the discovery cut-off, which is **November 6, 2017**.

  g. Deadline for Requests for Production of Documents and Requests for Admissions: The parties propose that Requests for Production of Documents and Requests for admission be served no later than 30 days before the discovery cut-off, which is **November 6, 2017**.

### 10. DATES FOR FURTHER CONFERENCES

  a. Status conferences will be held in this case at the following dates and times:

_____

_____

  b. A final pretrial conference will be held in this case on _3/12/18_ at _9:30_ o' clock _a_ .m. A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

  a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: None.

  b. Anticipated length of trial and whether trial is to the court or jury: The parties anticipate a 5-day jury trial.

  c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street,

Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439: None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(d) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 6TH day of JUNE, 2017.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

_____
Andrea C. Johnston
6217 South Sterne Parkway
Littleton, CO 80120
Telephone: (720) 447-2039

PLAINTIFF PRO SE

*s/Jennifer S. Harpole*
Jennifer S. Harpole
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Fax: 303.629.0200
Email: jharpole@littler.com

ATTORNEYS FOR DEFENDANTS
COMPUTERSHARE INC. AND
SPECIALIZED LOAN SERVICING LLC

Firmwide 147739756 2 078197 1006

11